**WO**  KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew James Johnston, | No.   CV-25-00164-TUC-SHR (EJM) |
| Petitioner, | |
| v. | **ORDER** |
| Mark Gutierrez, | |
| Respondent. | |

    Self-represented Petitioner Andrew James Johnston, who is confined in the Federal Correctional Institution-Tucson, filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and subsequently paid the filing fee. Petitioner has also filed a Motion for Preliminary Injunctive Relief (Doc. 5) and a Motion for Preliminary Discovery (Doc. 7). The Court will deny the Motions and require an answer to the Petition.

**I.     Petition**

    In his Petition, Petitioner names Mark Gutierrez as Respondent. In Ground One, Petitioner alleges the First Step Act (FSA), 18 U.S.C. § 3632(d)(4)(A), uses the terms "shall earn," "shall be applied," and "shall transfer" with respect to time credits. Petitioner contends the Bureau of Prisons (BOP) wrongfully implemented 28 C.F.R. § 523.44(a)–(c) and Program Statement (PS) 5410.01, Section 10, which use the terms "may be applied" and "may apply" instead of § 3632's "shall be applied" and "shall transfer." According to Petitioner, under the "shall be applied" and "shall transfer" provisions of the FSA, inmates

1  with high/medium recidivism risk scores should be able to apply their earned credits when
2  they "equal . . . the remainder of the[ir] sentence." He alleges, however, BOP uses 28
3  C.F.R. § 523.44(b) to "categorically deny[] application of earned FSA time credits to
4  prisoners who have demonstrated recidivism risk reduction." Petitioner contends he is an
5  "eligible prisoner" under 18 U.S.C. 3624(g)(1)(B) for application of earned time credits
6  because he has demonstrated "recidivism risk reduction." Petitioner argues BOP's
7  "substitution of 'shall' with 'may' has falsely supplied discretion to only apply earned FSA
8  time credits to minimum or low recidivism risk scored prisoners."

9  In Ground Two, Petitioner alleges "PS 5410.01, § 10(c)'s requirement of an
10 approval and/or 'exemption' from the Regional Director in addition to the Warden's
11 approval to apply earned FSA time credits should be invalidated because 18 U.S.C.
12 § 3624(g)(1)(D)(i)(II)(aa)–(cc) only requires the Warden's approval and says nothing
13 about the Regional Director at all."

14 Petitioner concedes he has not exhausted his administrative remedies but contends
15 exhaustion would be futile because he is challenging "an official BOP policy which is
16 subject to the futility exception to exhaustion of administrative remedies as intra-agency
17 relief cannot be obtained per the policy's existence."

18 The Court will require Respondent to answer the Petition.

**II.    Motions**

**A.    Preliminary Injunction**

Petitioner seeks an order "that immediately sets aside 28 C.F.R. § 523.44(a)–(c) and Program Statement 5410.01, § 10–§ 10(c) with respect to petitioner individually, and either compels application, or restrains withholding application of Petitioner's earned 640 days of First Step Act time credits."

Whether to grant or deny a motion for a temporary restraining order or preliminary injunction is within the Court's discretion. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132–33 (9th Cir. 1979). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden of proof on each element of the test. *Env't Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). The Court finds Petitioner has not adequately demonstrated each element of the test. The Court will therefore deny without prejudice the Motion for Preliminary Injunction.

### B.    Preliminary Discovery

Petitioner seeks an order requiring Respondent to produce various documents associated with Petitioner's classification and accrual of FSA time credits. Respondent has not yet been served or filed a response. The Court will therefore deny the Motion as premature.

## III.   Warnings

### A.    Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.    Copies

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.    Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Motion for Preliminary Injunction (Doc. 5) and Motion for Preliminary Discovery (Doc. 7) are **denied.**

(2) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3) Respondent must answer the Petition within 20 days of the date of service. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(4) Regarding courtesy copies of documents for chambers, Respondent is directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* https://www.azd.uscourts.gov/sites/azd/files/adm%20manual.pdf.

(5) Petitioner may file a reply within 30 days from the date of service of the answer.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

TERMPSREF

(6)   This matter is referred to Magistrate Judge Eric J. Markovich pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 19th day of August, 2025.

Honorable Scott H. Rash
United States District Judge

TERMPSREF