WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew J. Johnston, | No. CV-25-0164-TUC-SHR (EJM) |
| Petitioner, | **ORDER** |
| v. | |
| B. Hudson, Warden,[1] | |
| Respondent. | |

Currently pending before the Court is Respondent's Motion to Stay 28 U.S.C. § 2241 Proceeding Because of Pending District Court Case (Doc. 13). Petitioner has opposed the motion (Doc. 14) and Respondent replied (Doc. 16). The motion is ripe for review.

*A.    Motion to Stay*

Respondent asserts that resolution of Petitioner's previously filed § 2241 petition in Case No. CV-24-00005-TUC-SHR (EJM) may resolve two (2) of the grounds for relief sought in the instant case. On October 15, 2025, the Court issued a Report and Recommendation in the earlier case. *Johnston v. Gutierrez*, No. CV-24-00005-TUC-SHR (EJM), Rpt. & Recommendation (D. Ariz. Oct. 15, 2025), ECF No. 31. The Court agrees with Respondent. Final resolution of the Report and Recommendation by the District Judge may moot or otherwise resolve the issues raised here. Accordingly, the

---

[1] Warden B. Hudson has replaced Warden Gutierrez as the Complex Warden for the United States Penitentiary in Tucson, Arizona. Accordingly, Warden Gutierrez is substituted as Respondent. *See* Fed. R. Civ. P. 25(d).

Court will grant the motion for stay pending resolution of *Johnston v. Gutierrez*, No. CV-24-00005-TUC-SHR.

### B.     *Filings Without Leave of Court*

Respondent also seeks an Order barring Petitioner from filing Notice of Citation to Additional Authority without requesting leave of Court. Reply (Doc. 16) at 2. Following the filing of his response opposing Respondent's motion, Petitioner filed a Notice of Citation to Additional Authority (Doc. 15). This additional authority appears to relate to Petitioner's § 2241 petition (Doc. 1) rather than being responsive to Respondent's motion for stay.

As an initial matter, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (citing 18 J. Moore et al., Moore's Federal Practice § 134.02(1)(d) (3d ed. 2011)). "The modern concept of binding precedent [is] where a single opinion sets the course on a particular point of law and must be followed by courts at the same level and lower within a pyramidal judicial hierarchy[.]" *Hart v. Massanari*, 266 F.3d 1155, 1168 (9th Cir. 2001). This means that "[a] decision of the Supreme Court will control that corner of the law unless and until the Supreme Court itself overrules or modifies it." *Id*. at 1171. "Circuit law . . . binds all courts within a particular circuit, including the court of appeals itself." *Id*. "Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court." *Id.* "Thus, an opinion of [the Ninth Circuit Court of Appeals] is binding within our circuit, not elsewhere in the country." *Id*. at 1172–73. Furthermore, "[a] district court bound by circuit authority . . . has no choice but to follow it." *Hart*, 266 F.3d at 1175. This Court sits within the Ninth Circuit. 28 U.S.C. § 41. As such, it is bound by published decisions from the Supreme Court of the United States and the Ninth Circuit Court of Appeals. *Hart*, F.3d at 1171, 1172–73. Petitioner's continued filing of notices

of authority referencing cases from various district court opinions or from courts of appeal outside of the Ninth Circuit is unhelpful and generally irrelevant.

Furthermore, Petitioner states that "*Garcia v. Eischen*, 2025 U.S. Dist. LEXIS 98686, *Id*. at *15-19 (D. Minn. 03/25/25), **adopted** and dismissed as moot because BOP transferred petitioner to an RRC[.]" Not. of Citation (Doc. 15) at 1 (emphasis added). The Report and Recommendation that Petitioner is relying upon was **not** adopted by the District Judge. *See Garcia v. Eischen*, No. 24-cv-4106 (KMM/SGE), 2025 WL 1476567, at *5 (D. Minn. May 22, 2025) (denying § 2241 petition and dismissing case as moot). Therefore, it is not binding on this Court, nor does it represent a decision of a court within the District of Minnesota. As such, the Court will strike Petitioner's Notice of Citation to Additional Authority (Doc. 15). The Court declines Respondent's invitation to require Petitioner to obtain permission prior to filing additional notices of authority at this time; however, Petitioner is warned that filing a Notice of Additional Authority **must** relate to binding authority on this Court, *e.g.*, from the Ninth Circuit Court of Appeals or the Supreme Court of the United States. *See* Fed. R. Civ. P. 11(b) (requiring filings to be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law").

C.     *Conclusion*

Accordingly, **IT IS HEREBY ORDERED** that Respondent's Motion to Stay 28 U.S.C. § 2241 Proceeding Because of Pending District Court Case (Doc. 13) is **GRANTED** in part and **DENIED** in part. This case is **STAYED** pending resolution of *Johnston v. Gutierrez*, No. CV-24-00005-TUC-SHR. The motion is denied to the extent that it seeks to require Petitioner to seek leave of Court prior to filing a Notice of Additional Authority.

**IT IS FURTHER ORDERED** that Respondent shall answer the petition within thirty (30) days of the District Judge's resolution of *Johnston v. Gutierrez*, No. CV-24-00005-TUC-SHR.

1  **IT IS FURTHER ORDERED** that Petitioner's Notice of Citation to Additional
2  Authority (Doc. 15) shall be struck from the record for the reasons cited herein.

4  Dated this 22nd day of October, 2025.

Eric J. Markovich
United States Magistrate Judge