**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew J. Johnston, | No. CV-25-0164-TUC-SHR (EJM) |
| Petitioner, | **ORDER** |
| v. | |
| Mark Gutierrez, | |
| Respondent. | |

On March 16, 2026, the Court adopted the Report and Recommendation and dismissed Petitioner's habeas petition in Case No. CV-24-00005-TUC-SHR (EJM). *Johnston v. Gutierrez*, Case No. CV-24-00005-TUC-SHR (EJM), Doc. 48. With that case resolved, the Court will lift the stay in the instant action (*see* Doc. 17) and address the pending motions.

## A.     Motion for Reconsideration

Petitioner seeks reconsideration of this Court's January 9, 2026 Order (Doc. 25) denying his request to withdraw the referral to the magistrate judge and maintaining the stay pending resolution of his parallel habeas petition. (Doc. 26.)

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). "A motion for reconsideration should not be used to ask a court 'to rethink what the court had already thought through—rightly or wrongly.'" *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99

F.R.D. 99, 101 (E.D. Va. 1983)). "Arguments that a court was in error on the issues it considered should be directed to the court of appeals." *Id.*

Petitioner's motion neither demonstrates manifest error by this Court nor presents any new facts or law that would support reversing the previous Order. Furthermore, the Court has resolved Petitioner's parallel case. *See Johnson v. Gutierrez*, Case No. CV-24-005-TUC-SHR (EJM), Doc. 48. Therefore, Petitioner's request for an immediate lifting of the stay is moot. Petitioner's motion will be denied.

**B.    Amended Motion for Emergency Temporary Preliminary Injunctive Relief and/or Temporary Restraining Order**

Petitioner seeks an order (1) "compel[ling] the BOP's Designation and Sentence Computation Center (DSCC) . . . to immediately adjust the custody classification scoring regarding [Petitioner's] History of Violence" to "allow immediate application of petitioner's FSA time credits"; and (2) "compel[ling] the BOP's Western Regional Office to expedite the immediate approval of the application of petitioner's earned FSA time credits." (Doc. 28 at 1.)

Whether to grant or deny a motion for a temporary restraining order or preliminary injunction is within the Court's discretion. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132–33 (9th Cir. 1979). To obtain a preliminary injunction, the moving party must show "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden of proof on each element of the test. *Env't Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). The Court finds Petitioner has not adequately demonstrated each element of the test. The Court will therefore deny without prejudice Petitioner's amended motion for preliminary injunction.

**C.    Extension of Time to Respond**

Respondent seeks additional time to respond to Petitioner's habeas petition (Doc. 1) and his Amended Motion for Emergency Temporary Preliminary Injunctive Relief and/or

Temporary Restraining Order (Doc. 28). Respondent requests until June 1, 2026, to file his response. (Doc. 29.) Respondent also reports "the Assistant Warden is in the process of granting Petitioner an exemption to allow him to apply his FSA time credits notwithstanding his recidivism level." (*Id*. at 2.) This will moot Petitioner's instant habeas petition. (*Id*.) The Court will grant Respondent's motion (Doc. 29) to the extent it requests additional time to respond to Petitioner's Petition (Doc. 1); however, because the Court will deny Petitioner's Amended Motion for Emergency Temporary Preliminary Injunctive Relief and/or Temporary Restraining Order (Doc. 28) for failure to meet his burden, Respondent's motion regarding a response to that motion will be denied as moot.

**D.    Conclusion**

For the reasons stated above, **IT IS ORDERED**:

(1)    The current stay (*see* Doc. 17) is **LIFTED**;

(2)    Petitioner's Motion for Reconsideration (Doc. 26) is **DENIED**;

(3)    Petitioner's Amended Motion for Emergency Temporary Preliminary Injunctive Relief and/or Temporary Restraining Order (Doc. 28) is **DENIED**; and

(4)    Respondent's Motion to Extend Time to Respond to Habeas Petition and Amended Motion for Injunctive Relief (Doc. 29) is **GRANTED IN PART** and **DENIED IN PART** as stated above. Respondent shall file his response to Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) **on or before June 1, 2026**.

Dated this 8th day of April, 2026.

Honorable Scott H. Rash
United States District Judge